IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MALCOLM KEYES | : | CIVIL ACTION |
|---|---|---|
| v. | : | No. 17-5312 |
| MICHAEL OVERMEYER, et al. | : | |

## ORDER

AND NOW, this 10th day of July, 2019, upon careful consideration of pro se Petitioner Malcolm Keyes's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, and after independent review of the October 10, 2018, Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells and Keyes's objections thereto, it is ORDERED:

1. Keyes's objections (Document 20) are OVERRULED;[1]

---

[1] In May 2009, pro se Petitioner Malcolm Keyes was convicted of various offenses stemming from an incident where he and an accomplice robbed, threatened to kill, and bound and gagged two men servicing an ATM machine. On September 22, 2017, Keyes filed the instant Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus in the Western District of Pennsylvania. On October 18, 2017, the Western District transferred the above-captioned case to Eastern District of Pennsylvania and the case was assigned to the undersigned. The Court referred Keyes's petition to United States Magistrate Judge Carol Sandra Moore Wells for a report and recommendation. The Report and Recommendation (the R&R) recommended the petition be dismissed without an evidentiary hearing because Keyes's claims are non-cognizable on federal habeas review and procedurally defaulted. On October 18, 2018, Keyes filed objections to the R&R pursuant to 28 U.S.C. § 636(b)(1).

Pursuant to 28 U.S.C. § 636(b)(1), this Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." Keyes objects to Judge Wells's findings that (1) Keyes's claims that he received consecutive sentences in violation of 42 Pa. Cons. Stat. § 9765 and that his Post-Conviction Relief Act petition was not properly processed by the Pennsylvania courts are non-cognizable on habeas review; and (2) Keyes's claim that his Sixth Amendment right to a speedy trial was violated is procedurally defaulted. Thorough review of Keyes's objections, however, demonstrates they are merely duplicative of the arguments he raised before Judge Wells. Upon de novo review of the record, and in light of the fact that Judge Wells has already considered and addressed the arguments set forth in the objections, Keyes's objections are overruled for the reasons stated in the R&R. Accordingly, Keyes's objections are overruled, Judge Wells's R&R is approved and adopted, and Keyes's petition is denied.

2. Keyes's motion seeking to strike Respondent's response to his habeas petition which the Court construes as a supplemental brief in support of his objections to the R&R (Document 19) is OVERRULED;[2]

3. The Report and Recommendation (Document 17) is APPROVED and ADOPTED;

4. Keyes's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document 1) is DENIED;

5. Judgment is entered in favor of Respondents by separate order, filed contemporaneously;

6. A certificate of appealability shall not issue, as Keyes has not made a substantial showing of the denial of a constitutional right nor demonstrated that reasonable jurists would debate the correctness of the procedural aspects of this ruling, *see* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000);

7. Keyes's motion objecting to the Judge Wells's October 11, 2018, Order (Document 22) is DISMISSED as moot;[3] and

---

[2] On October 11, 2018, Keyes filed a motion seeking to strike Respondents' opposition to his habeas petition. Although styled as a motion to strike Respondents' opposition, the Court construes Keyes' motion as a supplemental brief in support of his habeas petition as it reiterates the arguments set forth in his habeas petition and purports to refute the Respondents' arguments. In the interest of justice, the Court has considered the arguments Keyes has set forth in his motion when considering his objections to the R&R. Nevertheless, because these arguments are duplicative of the arguments he raised before Judge Wells and his objections to the R&R, they are overruled for the reasons stated in the R&R.

[3] On October 17, 2018, Keyes filed a motion objecting to Judge Wells's October 11, 2018, Order in which she denied Keyes's motion seeking default judgment and to strike Respondents' opposition to his habeas petition as untimely. Keyes's objected to Judge Wells's October 11, 2018, Order because it referenced the R&R, which he had not received at the time he filed the motion, and requested a copy of the R&R. Based upon Keyes's substantive objections to the R&R, Keyes has received a copy of the R&R and his objection is therefore moot.

8. Keyes's motion contesting the validity of Judge Wells's Report and Recommendation (Document 24) is DENIED.[4]

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

---

[4] On March 21, 2019, Keyes filed a motion contesting the validity of Judge Wells's R&R asserting it was invalid because Judge Wells issued the R&R prior to receiving the state court record. This argument is meritless as Judge Wells received the state court record on January 8, 2018, *see* Receipt of State Ct. R. 1, Jan. 1, 2018, ECF No. 4, and issued the R&R on October 11, 2018. Keyes's motion is therefore denied.